## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAKIM JIGGETTS** | |
| Petitioner, | |
| v. | CIVIL ACTION NO. 19-1263 |
| **SUPERINTENDENT OF SCI PHOENIX,** *et al.*, | |
| Respondents. | |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                    **March 9, 2022**

Petitioner Hakim Jiggetts is a state prisoner incarcerated at SCI Phoenix following a 2015 guilty plea on state charges of possession with intent to deliver a controlled substance (heroin) and illegal possession of a firearm. Presently pending before the Court is Jiggetts's *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] The motion asks for relief from the Court's Order of December 26, 2019, which denied Jiggetts's Petition for Writ of Habeas Corpus as time barred.

Jiggetts seeks relief pursuant to Rule 60(b) on the grounds that the Court incorrectly calculated the statute of limitations applicable to his federal habeas petition. First, Jiggetts argues that his second Post Conviction Relief Act ("PCRA") petition was properly filed and was based on new evidence, so this filing should toll the one-year federal habeas statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] Second,

---

[1] Although Jiggetts styles this motion as a "Motion to Alter or Amend Judgment," Jiggetts appropriately cites Rule 60(b) rather than Rule 59(e).

[2] Mot. Alter J. [Doc. No. 31] at 11–16.

Jiggetts argues that equitable tolling of the habeas deadline is warranted due to his reasonable diligence and to extraordinary circumstances that prevented Jiggetts from timely filing.[3] For the reasons set forth below, Jiggetts's motion will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 17, 2015, Jiggetts pled guilty in the Lehigh County Court of Common Pleas to possession with intent to deliver a controlled substance (heroin) and illegal possession of a firearm.[4] Jiggetts was sentenced on July 22, 2015.[5] Jiggetts did not file post-sentence motions or a direct appeal, and his judgment of sentence became final on August 21, 2015.[6]

On July 22, 2016, Jiggetts filed a timely motion for collateral relief pursuant to the PCRA.[7] Court-appointed appellate counsel filed a "no-merit" letter, seeking to withdraw.[8] At an evidentiary hearing on September 20, 2016, counsel was granted leave to withdraw on September 20, 2016, and Jiggetts withdrew the PCRA petition by separate motion.[9] Shortly thereafter Jiggetts filed a motion to reinstate his PCRA petition, which was denied on October 27, 2016.[10] On December 6, 2016, Jiggetts filed an untimely notice of appeal to the Pennsylvania

---

[3] Mot. Alter J. [Doc. No. 31] at 16–19.

[4] R. & R. [Doc. No. 18] at 1.

[5] *Commonwealth v. Jiggetts*, No. 3723 EDA 2016, 2017 WL 5195621, at *1 (Pa. Super. Ct. Nov. 9, 2017).

[6] R. & R. [Doc. No. 18] at 5.

[7] *Jiggetts*, 2017 WL 5195621, at *1.

[8] Upon review of Jiggetts's case file, court-appointed appellate counsel found the claims within Jiggetts's PCRA petition lacked merit. Following an evidentiary hearing, the PCRA court granted appellate counsel's motion to withdraw. *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (allowing appointed counsel in a post-conviction proceeding to withdraw upon the submission of a no-merit letter outlining counsel's assessment that the case lacked merit).

[9] *Jiggetts*, 2017 WL 5195621, at *1.

[10] *Id.*

Superior Court.[11] The Superior Court ordered Jiggetts to show cause why the appeal should not be quashed as untimely,[12] and dismissed the appeal on November 9, 2017 when Jiggetts failed to respond.[13]

On December 21, 2017, Jiggetts filed a second *pro se* PCRA petition, over a year past the deadline to timely file such a petition.[14] On January 26, 2018, the second petition was denied as untimely, and on November 8, 2018 the Pennsylvania Superior Court denied Jiggetts's appeal of that dismissal.[15]

On March 25, 2019, after the conclusion of the PCRA proceedings, Jiggetts filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[16] The petition was referred to Magistrate Judge Elizabeth T. Hey, who issued a Report and Recommendation ("R&R") which recommended that the petition be denied as untimely.[17] This Court, by Order dated December 26, 2019, approved and adopted the R&R and dismissed and denied Jiggetts' application for habeas corpus relief.[18] The Court determined that Jiggetts's habeas petition was time-barred due to his failure to file within the one-year limitation period set forth in 28 U.S.C. § 2244(d).[19] Jiggetts sought leave to appeal the decision, which the Third Circuit denied on

---

[11] The deadline for filing an appeal was November 28, 2016. *Id.* at *1 n.4.

[12] *Jiggetts*, 2017 WL 5195621 at *1.

[13] *Id.*

[14] *Commonwealth v. Jiggetts*, No. 690 EDA 2018, 2018 WL 5839067, at *1 (Pa. Super. Ct. Nov. 8, 2018); *see* 42 Pa.C.S.A. § 9545(b)(1).

[15] *Jiggetts*, No. 690 EDA 2018, 2018 WL 5839067, at *1.

[16] Pet. [Doc. No. 1].

[17] R. & R. [Doc. No. 18] at 1, 11.

[18] Order Dec. 26, 2019 [Doc. No. 23].

[19] Order Dec. 26, 2019 [Doc. No. 23] at 1.

August 13, 2020.[20] Jiggetts now asks the Court to grant relief from the Court's order of December 26, 2019 and find that his first petition for writ of habeas corpus was timely.

## II. DISCUSSION

### A. Jiggetts's Motion is a "True" Rule 60(b) Motion, and May Be Considered on its Merits

Jiggetts has filed for relief from judgment under Rule 60(b), arguing that the Court ignored required statutory tolling related to his second PCRA petition and that he was entitled to equitable tolling. In relevant part, Rule 60(b) allows a court to relieve a party from a final judgment if the party evidences "any . . . reason that justifies relief."[21]

As a threshold issue, the Court must determine whether Jiggetts's motion is a "true" Rule 60(b) motion, or if it should be categorized as a "second or successive" habeas petition subject to the AEDPA's limits on such petitions.[22] "[A] motion is a 'true' Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition."[23] Where a petitioner's motion challenges "the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."[24] Here, Jiggetts challenges the calculation of the statute of limitations applicable to his habeas claim, and argues that he is entitled to statutory and equitable tolling. As

---

[20] Third Circuit Order Aug. 13, 2020 [Doc. No. 30].

[21] Fed. R. Civ. P. 60(b)(6). Although Jiggetts mentions new evidence as a ground for tolling the second PCRA petition, he does not argue that new evidence has been discovered since the Court's order of December 26, 2019. As Jiggetts's Rule 60 motion does not purport to present any newly discovered evidence, it cannot properly be construed under Rule 60(b)(2). *See McCracken v. R.J. Reynolds Tobacco*, 842 F. App'x 722, 725 (3d Cir. 2021) (finding that Rule 60(b)(2) did not apply where the movant failed to put forth any newly discovered evidence).

[22] *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005).

[23] *Hill v. Price*, No. 98-CV-1769, 2022 WL 294547, at *3 (E.D. Pa. Feb. 1, 2022).

[24] *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[w]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.").

such a challenge does not "seek vindication of a [habeas] claim," the Court may exercise jurisdiction over Jiggetts's motion.[25]

### B. Jiggetts is Not Entitled to Statutory Tolling of the AEDPA's Statute of Limitations

Jiggetts argues that his second PCRA petition was "properly filed" for the purposes of tolling the AEDPA statute of limitations, even though the petition was rejected as untimely.[26] 28 U.S.C. §2244(d)(2) excludes any period "during which a properly filed application for State post-conviction or other collateral review . . . is pending" from the calculation of the AEDPA's one-year statute of limitations. However, under Pennsylvania law, all petitions, including subsequent ones, must be filed within one year of the date on which judgment became final, unless it meets a statutory exception.[27]

The Pennsylvania Superior Court found that Jiggetts submitted his second PCRA petition over a year past the deadline to timely file, and that he "did not establish the applicability any of the exceptions to the PCRA time-bar."[28] The Supreme Court addressed this issue in *Pace v. DiGuglielmo*, holding that where a Pennsylvania state court has "rejected [a] petitioner's PCRA petition as untimely, it was not 'properly filed,' and [the petitioner] is not entitled to statutory

---

[25] *Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012) (quotations omitted) (holding that petitioner seeking to equitably toll statute of limitations with a claim of actual innocence did not "seek vindication of a claim"); *see also Waliyud-Din v. Att'y Gen. of Pennsylvania*, No. CV 10-5851, 2020 WL 6262982, at *2 (E.D. Pa. Oct. 23, 2020) (exercising jurisdiction where petitioner argued that the statute of limitations had been incorrectly calculated).

[26] Mot. Alter J. [Doc. No. 31] at 12–15.

[27] *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999).

[28] *Jiggetts*, 2018 WL 5839067 at *2.

tolling under § 2244(d)(2)."[29] Where a state court finds that a state postconviction petition is untimely, that is "the end of the matter."[30]

Jiggetts also argues that because his second PCRA petition was based, in part, on "newly discovered evidence," the federal habeas statute of limitations should run from the discovery of that evidence in 2017.[31] Section 2244(d)(1)(D) provides that the statute of limitations for federal habeas petitions "run[s] from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[32] The Third Circuit has held that "the 'factual predicate' of a petitioner's [habeas] claims constitutes the vital facts underlying those claims."[33]

In the present motion, Jiggetts has failed to clearly lay out what "newly discovered evidence" he relied on in his PCRA petition. However, this Court addressed the substance of this claim in the 2019 order, and determined that Jiggetts's purported "newly discovered facts" were "available at the time of his plea through the exercise of reasonable diligence."[34] Further, the Report and Recommendation noted that Jiggetts "had the evidence more than a year prior to filing his habeas petition on March 25, 2019," and so Jiggetts's federal claim would not be timely even if the Court calculated the statute of limitations date from the date of the untimely 2017 PCRA petition. It is well established that a motion for reconsideration "is not to be used as

---

[29] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[30] *Pace*, 544 U.S. at 414.

[31] Mot. Alter J. [Doc. No. 31] at 19.

[32] 28 U.S.C. § 2244(d)(1)(D).

[33] *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007) (quotations omitted).

[34] Order Dec. 26, 2019 [Doc. No. 23] at 2 (quoting R. & R. at 10–11).

a means to reargue matters already argued and disposed of or as an attempt to re-litigate a point of disagreement between the Court and the litigant."[35] As this matter was explicitly addressed in the Report and Recommendation and in the Court's order of December 26, 2019, the Court will not revisit it.

### C. Jiggetts is Not Entitled to Equitable Tolling of the AEDPA's Statute of Limitations

Jiggetts also argues that equitable tolling applies because his post-conviction counsel "abandoned" him and that he was reasonably diligent in filing his habeas petition.[36] Rule 60(b)(6) is a "catch all" provision, that allows this Court to vacate a judgment for "any . . . reason justifying relief . . . other than the more specific circumstances set out in Rules 60(b)(1)-(5)."[37] However, equitable tolling should be used scarcely, and "only when the principle of equity would make the rigid application of a limitation period unfair."[38] Rule 60(b)(6) provides that only cases "evidencing extraordinary circumstances" may justify relief.[39] "[A] petitioner is entitled to [equitable] tolling if he shows: (1) "that some extraordinary circumstance stood in his way [of asserting his rights] and prevented timely filing; and (2) that he has been pursuing his rights diligently."[40] Jiggetts must show that he "exercised reasonable diligence in investigating and bringing [the claims]. Mere excusable neglect is not sufficient."[41] Reasonable diligence

---

[35] *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and quotations omitted).

[36] Mot. Alter J. [Doc. No. 31] at 19.

[37] *Gonzalez*, 545 U.S. at 529.

[38] *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted); *see also Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir.2004).

[39] *Mason v. Zickefoose*, 525 F. App'x 81, 83 (3d Cir. 2013).

[40] *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012) (citation and quotations omitted)

[41] *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (citations and quotations omitted).

requires a showing of Jiggetts's "level of care and caution in light of his . . . particular circumstances."[42]

Jiggetts argues that as his initial PCRA petition was disrupted by the "abandonment of counsel" and that he repeatedly attempted to litigate through state PCRA proceedings, the statute of limitations for his habeas petition should be equitably tolled. However, Jiggetts's claims fail to establish that counsel's *Finley* letter, a procedure long endorsed by Pennsylvania courts, constitutes extraordinary circumstances. While Jiggetts attributes some of the difficulties with his first PCRA petition to counsel's decision to withdraw, he falls short of explaining his three-year failure to file a federal habeas petition.[43] Even if the Court accepts that Jiggetts has demonstrated extraordinary circumstances surrounding his first PCRA petition, Jiggetts does not explain his fourteen-month failure to file a protective federal petition after he was informed in January 2018 that his second PCRA petition was untimely.[44] Jiggetts also offers no explanation for his failure to file a federal petition for more than four months after the Superior Court affirmed the PCRA court's ruling that his petition was untimely.[45] For these reasons, Jiggetts has failed to demonstrate either extraordinary circumstances or reasonable diligence in pursuing his rights, and so cannot claim an entitlement to equitable tolling.

---

[42] *Munchinski*, 694 F.3d at 330; *see also Holland v. Fla.*, 560 U.S. 631, 653 (2010).

[43] "Generally, in a non-capital case . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." *Schlueter*, 384 F.3d at 76.

[44] *See Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief).

[45] *See Erskine v. Warden James T Vaughn Corr. Ctr.*, No. CV 17-1123, 2017 WL 3124049, at *1 (3d Cir. Apr. 11, 2017) (finding that an unexplained three-month delay in filing a federal habeas petition after the final decision of a state court represented a failure to demonstrate reasonable diligence).

## III.  CONCLUSION

Jiggetts asks the Court to reconsider its order of December 26, 2019, which rejected his habeas petition as untimely. However, Jiggetts has failed to establish that he is entitled to any statutory tolling other than that which the Court considered in the 2019 order. Likewise, Jiggetts has failed to demonstrate that any extraordinary circumstances impacted the timeliness of his filing or that he exercised due diligence that would justify equitably tolling the statute of limitations. Therefore, the Court will deny Jiggetts's Rule 60(b) motion for relief. An order will be entered.